FILED

02 MAY -3 PM 3:10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHELE DELOACH and
SHANNON LOVEDAY,

Plaintiff,

v. CASE NO. 8:02-cv-838-T-27MSS

CAPITAL COLLATERAL REGIONAL
COUNSEL,

Defendant.

---

**COMPLAINT AND REQUEST FOR JURY TRIAL**

COMES NOW, Michelle DeLoach and Shannon Loveday, by and through their undersigned counsel, and hereby sues the defendant, Capital Collateral Regional Counsel, and alleges:

INTRODUCTION

1. This is an action founded on both unlawful employment discrimination on the basis of gender, in the form of unlawful sexual harassment, as well as on unlawful retaliation.

2. Plaintiffs alleges violation of their federal civil rights under Title VII of the Civil Rights Act of 1964, as amended, particularly 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(m), 2000e-3(a), 2000e-5(g), and 1981a(a)&(b). Plaintiff seeks declaratory and injunctive relief, compensatory damages, punitive damages, and costs and attorney's fees.

JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, especially



T015652
$150.00

42 U.S.C. §§ 2000e-2(a)(1) & 2000e-3(a). Jurisdiction is founded on 42 U.S.C. §§ 2000e-5(f)(1)&(3) and 28 U.S.C. §§ 1331 & 1343.

4. All incidents material to this action occurred in Hillsborough County, Florida. Venue is thus proper in the Tampa Division of the Middle District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1391(b), and Local Rule 1.02(b)(4).

## PARTIES

5. Plaintiff Michele DeLoach (nee Harber) is an adult woman resident of Hillsborough County, Florida, formerly employed by defendant. Plaintiff Shannon Loveday is an adult woman resident of Pinellas County, Florida, formerly employed by defendant.

6. Defendant, Capital Collateral Regional Counsel, is a Florida corporation doing business in Hillsborough County, Florida, and was at all relevant times the plaintiffs' employer and was responsible for the acts of all of its other agents and employees. Defendant is thus an "employer" as defined by 42 U.S.C. § 2000e(b).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiffs timely filed dual charges of unlawful sexual discrimination and unlawful retaliation with the Tampa Area Office of the Equal Employment Opportunity Commission.

8. The Commission investigated the dual charges. Ultimately, the Commission found reasonable cause to believe that plaintiffs were subject to unlawful sexual harassment and unlawful retaliation.

9. The U.S. Department of Justice issued notices of the right to sue on February 5, 2002, which plaintiffs received no earlier than February 8, 2002.

10. This Complaint is thus timely filed.

FACTS

11. Plaintiffs were subjected to repeated instances of sexual harassment by a supervisory employment of defendant's.

12. Plaintiffs reported these instances of unlawful sexual harassment to the Capital Collateral Regional Counsel.

13. However, he failed to take any reasonable steps to prevent the continued unlawful sexual harassment to which the plaintiffs were subjected.

14. Moreover, plaintiffs suffered unlawful retaliation as a result of reporting the fact of their sexual harassment to the Capital Collateral Regional Counsel.

COUNT I

UNLAWFUL SEXUAL HARASSMENT

15. All allegations of paragraphs 1 through 14 are hereby realleged as if fully set out herein.

16. Defendant intentionally, and with malice and reckless disregard for plaintiffs' federal rights, discriminated against plaintiff's by reason of their sex by subjecting them to unwelcome sexual harassment, in violation of 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-2(m).

COUNT II

UNLAWFUL RETALIATION

17. All allegations of paragraphs 1 through 14 are hereby realleged as if fully set out herein.

18. Defendant intentionally, and with malice and reckless disregard for plaintiffs' federal rights, retaliated against plaintiffs for their complaints to defendant about repeated sexual harassment, in violation of 42 U.S.C. § 2000e-3(a).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court will:

A. Issue a declaratory judgment pursuant to 42 U.S.C. § 2000e-5(g) that defendant's practices toward plaintiffs are violative of their rights under 42 U.S.C. §§ 2000e-2(a)(1) & 2000e-3(a).

B. Order defendant to remedy, pursuant to 42 U.S.C. § 2000e-5(g), the discrimination and retaliation against plaintiffs by:

i. paying appropriate backpay;

ii. reinstating all benefits that they would have enjoyed but for the retaliatory discharge, including but not limited to bonuses and pension-plan contributions and level of vesting;

iii. Paying appropriate frontpay in lieu of reinstatement;

iv. paying prejudgment interest; and

v. providing any other relief that is appropriate.

C. Enter a judgment against defendant for compensatory damages under 42 U.S.C. §§ 1981a(a) & (b) to remedy past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, and other nonpecuniary losses and intangible injuries.

D. Enter a judgment against defendant for punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

E. Grant plaintiffs costs, expert witness fees, and a reasonable award of attorney's fees pursuant to 42 U.S.C. §§ 2000e-5(k) & 1988.

Finally, plaintiffs request a jury trial pursuant to 42 U.S.C. § 1981a(c).

Respectfully submitted,
FARMER & FITZGERALD, P.A.

Matthew P. Farmer, Esq.
Fla. Bar No. 793469
708 E. Jackson St.
Tampa, FL 33602
(813) 228-0095
FAX (813) 224-0269

TRIAL COUNSEL FOR PLAINTIFFS